UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
-------------------------------------------------------------------

| | |
|---|---|
| EDWARD C. HUGLER, Acting Secretary of Labor, United States Department of Labor, | : |
| | : |
| Plaintiff, | **<u>COMPLAINT</u>** |
| v. | : |
| | Civil Action No. |
| EVOLUTION QUALITY GUARD INC.; E.Q.G. PROTECTION AGENCY & ORDER CORP.; | : |
| EXCELLENT QUALITY GUARD CORP.; | : |
| ORLANDO MERCED MORALES, Individually; and JOEL VELAZQUEZ CRUZ, Individually, | : |
| | : |
| Defendants. | : |

-------------------------------------------------------------------

Plaintiff EDWARD C. HUGLER, Acting Secretary of Labor, United States Department of Labor, by and through undersigned counsel, brings this action under sections 16 and 17 of the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act" or "the FLSA"), alleging that defendants violated sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act, to recover back wages, liquidated damages, civil money penalties, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

### JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2.     Venue is proper in the United States District Court for the District of Puerto Rico because a substantial part of the events and/or omissions giving rise to the claims herein occurred in this district.

## FACTUAL ALLEGATIONS

### The Parties

3.      Plaintiff Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

4.      Defendant EVOLUTION QUALITY GUARD INC. ("Evolution Quality Guard") is a corporation duly organized under the laws of the Commonwealth of Puerto Rico, having its last known principal office and place of business at Calle Verona #1162, Urb. Villa Capri, San Juan, P.R. 00924, within the jurisdiction of this Court, where it is engaged in the business of providing security services.

5.      Defendant E.Q.G. PROTECTION AGENCY & ORDER CORP. ("E.Q.G. Protection Agency") is a corporation duly organized under the laws of the Commonwealth of Puerto Rico, having its last known principal office and place of business at Carr. 860, Km 0.6 Metropolis, Carolina P.R. 00983, within the jurisdiction of this Court, where it is engaged in the business of providing security services.

6.      Defendant EXCELLENT QUALITY GUARD CORP. ("Excellent Quality Guard") is a corporation duly organized under the laws of the Commonwealth of Puerto Rico, having its principal office and place of business at Carr 848 Km 1.4 Bo Saint Just, Trujillo Alto, P.R. 00976, within the jurisdiction of this Court, where it is engaged in the business of providing security services.

7.      The defendant businesses referenced in paragraphs 4 through 6 above (collectively, the "corporate defendants") have regulated the employment of all persons employed by them, acted directly and indirectly in the entities' interest in relation to the

employees, and thus are joint employers of the employees within the meaning of section 3(d) of the Act.

8.     Defendant ORLANDO MERCED MORALES ("Merced Morales") is in active control and management of all of the corporate defendants.  Defendant Merced Morales regulates the employment of all persons employed by him and has the authority to and does hire, fire, and supervise employees, control their hours worked, determine employee compensation, and otherwise act directly and indirectly in the interest of all of the corporate defendants in relation to the employees during the relevant time period.  He is thus an employer of the employees within the meaning of section 3(d) of the Act.

9.     Defendant Merced Morales resides in the Commonwealth of Puerto Rico, within the jurisdiction of this Court.

10.     Defendant Merced Morales is the husband of Zamary Maldonado Merced, who is identified as defendant Evolution Quality Guard's president and sole shareholder on its corporate documents.  Upon information and belief, defendant Merced Morales is also a relative of Orlando Merced Rosado, who is identified as defendant Excellent Quality Guard's president and sole shareholder on its corporate documents.

11.     Defendant JOEL VELAZQUEZ CRUZ ("Velazquez Cruz") is the president of E.Q.G. Protection Agency.

12.     Defendant Velazquez Cruz is in active control and management of E.Q.G. Protection Agency and Excellent Quality Guard.  Defendant Velazquez Cruz regulates the employment of all persons employed by him and has the authority to and does hire, fire, and supervise employees, control their hours worked, determine employee compensation, and otherwise act directly and indirectly in the interest of E.Q.G. Protection and Excellent Quality

Guard in relation to the employees during the relevant time period.  He is thus an employer of the employees within the meaning of section 3(d) of the Act.

13.     Defendant Velazquez Cruz resides in the Commonwealth of Puerto Rico, within the jurisdiction of this Court.

**Defendants are an Enterprise Engaged in Commerce**

14.     The business activities of the corporate defendants, as described herein, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

15.     The corporate defendants are engaged in the business of providing security services doing business with the same initials "E.Q.G." and interchangeably as Evolution Quality Guard, E.Q.G. Protection Agency, and Excellent Quality Guard.  For example, E.Q.G. Protection Agency has deposited checks made payable to Evolution Quality Guard in E.Q.G. Protection Agency's bank account, and vice versa.

16.     The corporate defendants also share or have overlapping clientele and employees. For example, whether doing business as Evolution Quality Guard, E.Q.G. Protection Agency, or Excellent Quality Guard, defendants have continued to assign their employees to provide security at Cupey Professional Mall, Urbanizacion Los Arboles, and 650 Plaza, among other locations.

17.     The corporate defendants are managed by the same individuals, including defendants Merced Morales and Velazquez Cruz and manager of human resources, Michelle Velez.

18.     The enterprise (and each corporate defendant) has had an annual gross volume of sales made or business done in an amount not less than $500,000 for the period covered by this Complaint.

19.     The enterprise has employees handing and using goods or materials that have been moved in or produced for commerce, such as radios, weapons, uniforms, or vehicles.

20.     Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

**The Security Guards are Employees**

21.     At all relevant times from November 2013 through the present, defendants have employed armed and unarmed security guards to provide security to commercial and residential entities in the Commonwealth of Puerto Rico.

22.     At all relevant times, defendants have required their employees employed as security guards to wear uniforms.

23.     At all relevant times, defendants have prohibited their employees from working for other security guard companies or similar competitor entities.

24.     At all relevant times, defendants entered into contracts with their clients to provide guard services and to supply the necessary security guards at specific client locations.

25.     At all relevant times, defendants have assigned their employees to provide these services at specific client locations.

26.     At all relevant times, defendants have set their employees' work schedules and required them to sign-in and sign-out on daily attendance records.

27.     At all relevant times, defendants have set their employees' rate of pay.

28.     At all relevant times, defendants have typically paid their employees a regular rate of pay of $7.25 per hour.

29.     At all relevant times, defendants' employees employed as security guards have no opportunity for profit or loss.

30.     Despite the U.S. Department of Labor's Wage and Hour Division ("Wage and Hour Division") having previously found that Evolution Quality Guard violated the FLSA from April 2012 to April 2013, defendants have continued to misclassify their security guard employees as "professional services," or independent contractors, and not as employees.

31.     Defendants' employees employed as security guards are an integral part of their business and without them, Defendants would not be able to provide security guard services.

**Defendants' Pay Practices**

32.     In most workweeks between November 2013 and the present, defendants' employees typically worked in excess of 40 hours, ranging from approximately 42 to 84 hours in a workweek.  They typically worked 8-hour or 12-hour shifts, four to seven days per week.

33.     For the workweeks that exceeded 40 hours, defendants failed to pay their employees time and one half of their regular rate of pay for the hours that exceeded 40.  Instead, defendants paid their employees at their regular rates of pay ("straight time").

34.     For example, for the workweeks ending August 16, 2015 and August 30, 2015, employees who worked a total of 56 hours at their assigned security posts were only paid at their regular rate despite working 16 overtime hours in that week.

35.     Similarly, for the workweek ending November 15, 2015, employees who worked a total of 44 hours at their assigned security posts were only paid at their regular rate despite working 4 overtime hours in that week.

36.     Defendants' practice of paying straight time for hours in excess of 40 continued even after they were previously advised by the Wage and Hour Division that they were required to pay their employees overtime.  These violations are ongoing.

37.     From November 2015 through at least October 2016, defendants failed to pay any wages to approximately 52 employees for at least one and as many as twelve workweeks.  For example, for the workweeks ending April 17, 2016 and April 24, 2016, defendants failed to pay at least 21 employees any wages, despite working between 32 to 70 hours in a workweek.

### Defendants' Recordkeeping Practices

38.     At all relevant times beginning in or before November 2013, defendants did not maintain accurate and complete records, including employee addresses, total hours worked each workweek, and total earnings.

39.     Despite requiring their employees to sign-in and sign-out on daily attendance sheets and in attendance notebooks, defendants created false time records that inaccurately listed the total weekly hours worked by employees.

40.     Defendants provided the falsified time records to the Wage and Hour Division.

### Defendants' Actions are Willful and Repeated

41.     The Wage and Hour Division previously investigated defendant Evolution Quality Guard from April 2012 to April 2013.  In June 2013, defendants Evolution Quality Guard and Orlando Merced Morales agreed to and did pay a total of $24,250.79 in back wages to 119 employees for their failure to comply with the minimum wage and overtime provisions of the FLSA.

42.     Thus, defendants knew of their obligations to pay their employees in compliance with the FLSA and to keep accurate records.

43. Accordingly, defendants' failure to pay minimum wage and overtime and falsification of time records that has led to the filing of this complaint are willful and repeated.

## Civil Money Penalties

44. On September 15, 2016, the Wage and Hour Division issued a civil money penalty assessment to defendants E.Q.G. Protection Agency & Order, Joel Velazquez Cruz, Orlando Merced Morales and non-defendant Michelle Velez in the amount of $226,442.00 pursuant to section 16(e)(2) of the Act, 29 U.S.C. § 216(e)(2).

45. Assistant District Director David G. Marin of the Wage and Hour Division personally served defendant Velazquez Cruz, individually and as owner or officer of defendant E.Q.G. Protection Agency, a notice of determination assessing the $226,442.00 in civil money penalties for a total of 401 employees on September 15, 2016.

46. Defendants Velazquez Cruz and E.Q.G. Protection Agency failed to file an exception within fifteen (15) days of the notice of determination of civil money penalties in accordance with the requirements set forth in 29 U.S.C. § 216(e)(4) and 29 C.F.R.§ 580.6.

## Statute of Limitations Tolling Agreement

47. Pursuant to a "Statute of Limitations Tolling Agreement," attached hereto as Exhibit B, any legal proceeding "brought by the Secretary or affected employees following November 22, 2015 shall be deemed to have been filed 727 days prior to the actual filing date."

48. Accordingly, this Complaint filed on February 10, 2017 shall be deemed to have been filed 727 days prior to the actual filing date.

## <u>FIRST CAUSE OF ACTION</u>
**Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime**

49.     The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 48 of the Complaint.

50.     Defendants in many workweeks have willfully and repeatedly violated sections 7 and 15(a)(2) of the Act by employing former and current employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

51.     Therefore, defendants are liable for unpaid overtime compensation owing to their employees under section 7 of the Act and an additional equal amount as liquidated damages pursuant to section 16(c) of the Act, or in the event liquidated damages are not awarded, overtime compensation and prejudgment interest under section 17 of the Act.

## SECOND CAUSE OF ACTION
**Violation of Sections 6(a) and 15(a)(2) of the FLSA, Failure to Pay Minimum Wage**

52.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 48 of the Complaint.

53.     As a result of failing to compensate some former or current employees employed in an enterprise engaged in commerce or in the production of goods for commerce for certain workweeks, defendants have willfully violated the provisions of sections 6 and 15(a)(2) of the Act by failing to pay such employees at least $7.25 per hour, the applicable statutory minimum rate prescribed in section 6 of the Act.

54.     Therefore, defendants are liable for any unpaid minimum wage compensation owing to their employees under section 6 of the Act and an additional equal amount as liquidated damages pursuant to section 16(c) of the Act, or in the event liquidated damages are not awarded, minimum wage compensation and prejudgment interest under section 17 of the Act.

55.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 48 of the Complaint.

56.     Defendants have willfully and repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

57.     In addition to the failure to make, keep, and preserve adequate and accurate records of hours worked and wages paid, defendants intentionally falsified time records to conceal that their employees worked in excess of 40 hours per week without any overtime compensation.

**FOURTH CAUSE OF ACTION**

58.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 48 of the Complaint.

59.     Section 16(e)(2) of the Act provides that "[a]ny person who repeatedly or willfully violated section 206 or 207, relating to wages, shall be subject to a civil penalty not to exceed $1,100 for each such violation." 29 U.S.C. § 216(e)(2).

60.     Section 16(e)(4) affords any party against whom civil money penalties have been assessed under the FLSA the opportunity to challenge any such assessment through administrative procedures, including the opportunity for hearing. However, the Secretary's determination is final "unless within 15 days after receipt of notice thereof by certified mail the person charged with the violation takes exception to the determination . . . ." 29 U.S.C. § 216(e)(4).

61.     Section 16(e)(3)(B), provides that the penalty may be "recovered in a civil action brought by the Secretary in any court of competent jurisdiction . . . ." 29 U.S.C. § 216(e)(3)(B).

62.     Defendants Velazquez Cruz and E.Q.G. Protection Agency have failed to file an exception or voluntarily remit $226,442.00 in civil money penalties, as set forth in the notice of determination dated September 15, 2016.

63.     Pursuant to section 16(e)(4) of the Act, the determination is "final and not subject to administrative or judicial review." 29 C.F.R. § 580.5.

64.     Accordingly, defendants Velazquez Cruz and E.Q.G. Protection Agency are liable for the assessed civil money penalties pursuant to section 16(e) of the Act and 29 C.F.R. § 580.18(b)(2).

**WHEREFORE**, cause having been shown, plaintiff respectfully prays for judgment against defendants providing the following relief:

(1)     An injunction issued pursuant to section 17 of the Act permanently restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from violating the provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

(2)     An order pursuant to section 16(c) of the Act finding defendants liable for unpaid minimum wage and overtime compensation found due defendants' employees listed on attached Exhibit A;

(3)     An order pursuant to section 16(c) of the Act finding defendants liable for an equal amount of liquidated damages (additional minimum wage and overtime compensation and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this Complaint); or in the event liquidated damages are not awarded,

prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

(4)      An order pursuant to section 16(e)(2) of the Act ordering defendants to pay $226,442.00 in civil money penalties;

(5)      An order compelling defendants to reimburse the Secretary for the costs of this action; and

(6)      An order granting such other relief as the Court may deem necessary or appropriate.

DATED:      February 10, 2017
            New York, New York

KATHERINE E. BISSELL
Deputy Solicitor for Regional Enforcement

JEFFREY S. ROGOFF
Regional Solicitor

s/ Amy Tai
AMY TAI (G02605)
Trial Attorney
U.S. Department of Labor
Office of the Regional Solicitor
201 Varick Street, Room 983
New York, NY 10014
Tel: (646) 264-3653
Fax: (646) 264-3660
Tai.amy@dol.gov

*Attorneys for Plaintiff Acting Secretary of Labor Edward C. Hugler*

| LAST NAME | FIRST NAME |
| --- | --- |
| Acecedo Pereyra | Franklin |
| Acevedo Apolinaris | Carlos |
| Acevedo Leon | Francisco |
| Acosta | Joan |
| Adorno | Pedro |
| Adorno Babilonia | Karen |
| Agesta | Luis |
| Agosto | Alexander |
| Agosto | Ismael |
| Agosto Lanza | Jose |
| Alamo Munoz | Misael |
| Aldea Figueroa | Elie |
| Alejandro Calcano | Luis |
| Algarin Figueroa | Jonathan |
| Alicea | Samuel |
| Altruz | Anthony |
| Alvarez Colon | Adolfo |
| Alvarez Martinez | Hector |
| Alvarez Santiago | Sergio |
| Aviles Pagan | Luis |
| Aviles Rivera | Jose |
| Ayala Martinez | Ludwing |
| Beltran Torres | Andres |
| Benitez Figueroa | Jose |
| Benitez Rodriguez | Edwin |
| Bermudez | Felix |
| Bernabe Flores | Ferdinand |
| Betancourt | Alexis |
| Bonilla Arce | Alexander |
| Bosch Marquez | Jesmarie |
| Bosch Rivera | Jose |
| Bravo Otero | Keyla |
| Bruno Cancel | Luis |
| Burgos | Hector |
| Burgos Quinones | Marisol |
| Burgos Roldan | Julio |
| Caban Perez | Tania |
| Cabrera Estrada | Migdaliz |
| Canales Ramons | Juan |
| Candelaria | Israel |

| LAST NAME | FIRST NAME |
| --- | --- |
| Cantero Betancourt | Luis |
| Caraballo | Julio |
| Caraballo Correa | Christian |
| Cardona | Nelson |
| Carrasquillo | Carlos |
| Carrasquillo Pizarro | Adolfo |
| Carrion Aponte | Grisel |
| Casanova Fuentes | Gabriel |
| Castro Colon | Alexander |
| Castro Correa | Luis |
| Castro Lozada | Jorge |
| Castro Ortega | Angela |
| Catala | Hector |
| Centeno Rodriguez | Eliud |
| Cintron | Elimelec |
| Clemente Calderon | Edward |
| Collazo | Katherine |
| Collazo Ortiz | Raymond |
| Colon | Pedro |
| Colon Baez | William |
| Colon Figueroa | Fernando |
| Colon Gonzalez | Manuel |
| Colon Lopez | Jorge |
| Colon Marrero | Anthony |
| Colon Ortiz | Noelia |
| Comas Delgado | Hector |
| Conde | Darwin |
| Correa Nieves | Yadira |
| Correa Perez | Andres |
| Cortes Diaz | Kenneth |
| Cotto | Angel |
| Couvertier | Eliezer |
| Crespo | Carlos |
| Cruz | Edrick |
| Cruz | Harould |
| Cruz | Kervin |
| Cruz Correa | Harry |
| Cruz Diaz | Angel |
| Cruz Guzman | Henimesh |
| Cruz Vargas | Nathanael |
| Cruz Velez | Jonathan |
| Custodio Vazquez | Misael |

| LAST NAME | FIRST NAME |
| --- | --- |
| Davila | Fernando |
| Davila | Jonathan |
| De Jesus Torres | Alexis |
| Del Rio Suarez | Jesus |
| Del Toro Montanez | Ramses |
| Del Valle Caraballo | Jaime |
| Delgado | Luis |
| Delgado Carrasquillo | Pedro |
| Delgado Motta | Jesus |
| Delgado Perez | Yomara |
| Diaz | Marilyn |
| Diaz Lanzot | Juan |
| Diaz Lebron | Guillermo |
| Diaz Ortiz | Felix |
| Diaz Torres | Carmen |
| Diaz Valentin | Jose |
| Domenech | Jose |
| Dones Pabon | Rosalee |
| Echevarria Caraballo | Alberto |
| Escobar Felix | Jannelys |
| Espinosa Diaz | Angel |
| Estefan Martinez | Davila |
| Estrella Estrada | Jorge |
| Falu | Luis |
| Feliciano | Christopher |
| Feliciano Esquilin | Radames |
| Feliciano Ortiz | Edward |
| Ferdinand Contreras | Miguel |
| Fernandez | Emanuel |
| Fernandez | Jaime |
| Ferrer | Reynaldo |
| Figueroa | Armando |
| Figueroa Marin | Jose |
| Flecha Cruz | Josean |
| Font Reyes | Jose |
| Fontanez Melendez | David |
| Fred Rodriguez | Marvin |
| Fuentes | Angel |
| Fuentes | Jorge |
| Fuentes | Ricardo |
| Fuentes Ayala | Javier |
| Gallardo | Hector |

| LAST NAME | FIRST NAME |
| --- | --- |
| Galvez Arias | Jose |
| Garcia Carrasquillo | Javier |
| Garcia Herrera | Iris |
| Garcia Paz | Yuniel |
| Garcia Rodriguez | Leslie |
| Giusti | Christian |
| Gomez | Angel |
| Gomez | Yolanda |
| Gonzalez | Geronimo |
| Gonzalez Batista | Arelys |
| Gonzalez Castro | Javier |
| Gonzalez Diaz | Roberto |
| Gonzalez Girona | Jorge |
| Gonzalez Mercado | Juan |
| Gonzalez Ortiz | Jameson |
| Gonzalez Perez | Hilda |
| Gotay Moya | Jose |
| Guzman Melendez | Juan |
| Guzman Misla | Luis |
| Guzman Perez | Alberto |
| Guzman Velez | Frances |
| Guzman Velez | Luis |
| Henriquez | Giovanni |
| Heredia | Dalwin |
| Hernandez | Osiris |
| Hernandez | Jonnathan |
| Hernandez Barrera | Ramon |
| Hernandez Bigio | Giovanni |
| Hernandez Camacho | Carlos |
| Hernandez Figueroa | Pedro |
| Hernandez Rivera | Juan |
| Hernandez Vazquez | Kerbie |
| Jordan Pastor | Jorge |
| Jusino Rodriguez | Joey |
| Larviena Beltran | Jesus |
| Leon Maldonado | Christian |
| Llanos Roldan | Joshua |
| Llanos Roldan | Julio |
| Lopez | Richard |
| Lopez Diaz | Eliasib |
| Lopez Rosado | Jose |
| Lugo Bonilla | Nelson |

| LAST NAME | FIRST NAME |
| --- | --- |
| Maisonet | Owen |
| Malcon Mendez | Jonathan |
| Maldonado | Edwin |
| Maldonado | Jose |
| Maldonado | Samuel |
| Marrero | Maria |
| Martinez | Angel |
| Martinez | Israel |
| Martinez | Jailinne |
| Martinez | Jose |
| Martinez | Quetzi |
| Martinez | Ricardo |
| Martinez Davila | Estefan |
| Martinez Huertas | Roberto |
| Martinez Rodriguez | Felix |
| Martinez Roman | Jorge |
| Martinez Ruiz | Samuel |
| Martinez Torres | Migdalia |
| Matta Ortiz | Victor |
| Maysonet | Carlos |
| Maysonet | Michelle |
| Medina | Elias |
| Medina Gonzalez | Rene |
| Medina Mendez | Luis |
| Medina Oyola | Carmelo |
| Melendez | Domingo |
| Melendez | Jose |
| Melendez Perez | Raymond |
| Mendez Olivera | Peter |
| Mercado | Ricardo |
| Merced | Ernesto |
| Merced Rosado | Christian |
| Merlos Vazquez | Jose |
| Milette | Jan |
| Mojica | Elva |
| Molina Candelaria | Daniel |
| Molina Lorenzo | Jose |
| Montalvan Vidal | Guillermo |
| Montalvo Fernandez | Nilsa |
| Morales | Bryan |
| Morales | Jose |
| Morales Castro | Christopher |

| LAST NAME | FIRST NAME |
| --- | --- |
| Morales Castro | Jose |
| Morales Lopez | Teddy |
| Morales Marquez | Mariselly |
| Morales Penalosa | Pablo |
| Morales Ruiz | Edward |
| Mulero | Carlos |
| Muniz Lopez | Ennith |
| Munoz Morales | Orlando |
| Nieves De Jesus | Misael |
| Nieves Hernandez | Nelson |
| Nieves Rivera | Hector |
| Nieves Rivera | Yaitza |
| Nieves Rodriguez | Jose |
| Nieves Rodriguez | Juan |
| Nunez Montalvo | Wilangel |
| Ocasio Santaella | Abinadab |
| Olivo | Jose |
| Olivo Aponte | Luis |
| Olmo Travieso | Jorge |
| Ortiz Burgos | Luis |
| Ortiz Cotto | Miguel |
| Ortiz Cruz | George |
| Ortiz Reyes | Eliza |
| Ortiz Rivera | Jose |
| Ortiz Sanabria | Joel |
| Osorio | Surgey |
| Osorio Cordero | Rufo |
| Otero | Elsio |
| Otero Rodriguez | Hector |
| Padilla Cordero | Alexis |
| Padin | Katiria |
| Pagan Martinez | Samuel |
| Pantojas Picard | Jeacob |
| Pena | Erick |
| Pena Figueroa | Orlando |
| Pena Jorge | Marisol |
| Perez | Axel |
| Perez | Juan |
| Perez | Luis |
| Perez | Melvin |
| Perez | Nelson |
| Perez | Orlando |

| LAST NAME | FIRST NAME |
| --- | --- |
| Perez | Ronald |
| Perez Ocasio | Luis |
| Perez Rivera | Angela |
| Pierre | William |
| Pizarro Velazquez | Jose |
| Quiles Rivera | Ivelisse |
| Quinones | Jemme |
| Quinones Rivera | Juan |
| Ramos | Alejandro |
| Ramos | Milton |
| Ramos Ayala | Ninive |
| Ramos Vazquez | Giselle |
| Reyes | Rafael |
| Reyes Arroyo | Raul |
| Reyes Martinez | Rafael |
| Reyes Melendez | Carlos |
| Reyes Merced | Angel |
| Reyes Merced | Rut |
| Reyes Ortiz | Jose |
| Reyes Rivera | Angela |
| Reyes Rodriguez | William |
| Ribott | Charlotte |
| Rios | Antonio |
| Rivera Adorno | Sonia |
| Rivera Arroyo | Ruben |
| Rivera Castaner | Victor |
| Rivera Cirino | Alexis |
| Rivera Concepcion | Alfredo |
| Rivera Cosme | Alexander |
| Rivera De Leon | Juan |
| Rivera Diaz | Francisco |
| Rivera Echevarria | Francisco |
| Rivera Fonseca | Ramon |
| Rivera Fuentes | Luis |
| Rivera Maldonado | Victor |
| Rivera Martinez | Victor |
| Rivera Nieves | Juan |
| Rivera Ramos | Raul |
| Rivera Rivera | Cesar |
| Rivera Salinas | Henry |
| Rivera Torres | Luis |
| Rivera Vazquez | Gregory |

| LAST NAME | FIRST NAME |
| --- | --- |
| Rivera Velazquez | David |
| Rivera Vera | Christopher |
| Robles | Yessmary |
| Rodriguez | Amyr |
| Rodriguez | Jose |
| Rodriguez | Luis |
| Rodriguez | Yaria |
| Rodriguez  Calderon | Yamil |
| Rodriguez Andujar | Hector |
| Rodriguez Bocanegra | Kabir |
| Rodriguez Camacho | Juan |
| Rodriguez Cruz | Ramon |
| Rodriguez Diaz | Saul |
| Rodriguez Elias | Andres |
| Rodriguez Figueroa | Alexander |
| Rodriguez Guzman | Josephine |
| Rodriguez Pastrana | Maria |
| Rodriguez Quinones | Julian |
| Rodriguez Rodriguez | Axel |
| Rodriguez Rosado | Evelyn |
| Rodriguez Villanueva | Edwin |
| Rojas | Christian |
| Rojas | Kristofer |
| Rojas Albino | Angel |
| Rojas Heredia | Ciriaco |
| Rollet Lopez | Michelle |
| Rollet Resto | Felix |
| Rolon | Bryan |
| Rolon Luciano | David |
| Rolon Vazquez | Giovanny |
| Roman Martinez | Erika |
| Roman Matos | Marcos |
| Roman Quinones | Wilfredo |
| Roman Quinones | William |
| Roman Rodriguez | Victor |
| Roman Torres | Steven |
| Roque Melendez | Christian |
| Rosa | Ismael |
| Rosa | Johnanthan |
| Rosado Mendez | Carmen |
| Rosado Merced | Radames |
| Rosado Rodriguez | Jose |

| LAST NAME | FIRST NAME |
| --- | --- |
| Rosario | Juan |
| Rosario Bravo | Frank |
| Rosario Rivera | Abraham |
| Rosario Sanchez | Jorge |
| Rosario Serrano | Juan |
| Ruidiaz Melendez | Jose |
| Ruiz Rivera | Antonio |
| Ruiz Rodriguez | Edrick |
| Saez | Jonathan |
| Salgado Ramos | Gustavo |
| Sanabria Escobar | Ruben |
| Sanchez Mojica | Alexis |
| Sanchez Velez | Victor |
| Santana Cruz | Egsan |
| Santana Rivera | Juan |
| Santiago | Grisel |
| Santiago | Jonathan |
| Santiago | Josten |
| Santiago Baez | Teodoro |
| Santiago Casanova | Victor |
| Santiago Davila | Daniel |
| Santiago Ortiz | Richard |
| Santiago Perez | Ramon |
| Segui Lopez | Jose |
| Serieux | Orlando |
| Serrano Santiago | Julio |
| Sierra Santiago | Ramon |
| Sola Perez | Jose |
| Soto Morales | Israel |
| Soto Muniz | Raymond |
| Souclat Nieves | Luis |
| Suarez | Francis |
| Toledo | Marlon |
| Torrens Lopez | Angel |
| Torres | Alejandro |
| Torres | Christopher |
| Torres | Jose |
| Torres | Yochua |
| Torres Alvarado | Gilberto |
| Torres Ocasio | Luis |
| Torres Rodriguez | Angel |
| Torres Rodriguez | Fernando |

| LAST NAME | FIRST NAME |
| --- | --- |
| Trinidad Diaz | Johensy |
| Trinidad Sanchez | Cecilio |
| Trujillo | Shaik |
| Vailant Correa | Jose |
| Vargas Aponte | Wanda |
| Vargas Flores | Nelson |
| Vargas Rodriguez | Christian |
| Vazquez | Jacqueline |
| Vazquez | Jorge |
| Vazquez | Ramon |
| Vazquez Reyes | Juan |
| Vazquez Tirado | Victor |
| Vega | Christian |
| Vega Aponte | Jose |
| Velazquez | Reut |
| Velazquez | Sergio |
| Velazquez Montanez | Angel |
| Velez | Juan |
| Velez Pagan | Juan |
| Vera Esteves | Edwin |
| Vila Shin | Jose |
| Villant | Jose |
| Villegas Trinidad | Samuel |
| Waldrond | Alberto |

# EXHIBIT B

# STATUTE OF LIMITATIONS TOLLING AGREEMENT

The Secretary of Labor, U.S. Department of Labor, ("the Secretary") has conducted an investigation of **E.Q.G. Protection Agency & Order Corporation**, (hereafter collectively "Employer") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, <u>et seq.</u> ("FLSA" or "the Act"), beginning on <u>2/22/2016</u> the Secretary and the Employer want the opportunity to discuss this matter further, to attempt to reach a settlement, to attempt to resolve outstanding disputes, and to further investigate where appropriate. Accordingly, the Secretary and the Employer, in consideration of the promises and statements made herein, understand and agree as follows:



1.    The Secretary and/or affected employees of the Employer may ultimately bring legal proceedings under the Act as a result of the Secretary's findings from this investigation; however, the statute of limitations set forth at Section 6 of the Portal-to-Portal Act, 29 U.S.C. 255, and/or other applicable statutes of limitations, may bar the assertion of certain rights under the Act in legal proceedings brought by the Secretary or by affected employees of the Employer.

2.    In exchange for the Secretary's agreement to withhold immediate filing of legal proceedings under the Act and to allow time for the Secretary and the Employer to discuss and to attempt to resolve this matter, the Employer agrees to toll the running of the statute of limitations as follows.

3. The Secretary and the Employer agree that the time period beginning on **November 25, 2013 until and including November 22, 2015 a total of 727 days** ("the Tolling Period"), will not be included in computing the running of any statute of limitations, or in connection with any other defense raised by the Employer (including but not limited to laches) that otherwise might be available to the Employer concerning the timeliness of any legal or equitable proceedings that may be brought against the Employer. Any legal proceedings brought by the Secretary or affected employees during the Tolling Period shall be deemed to have been filed on **November 25, 2013**. Any such legal proceeding brought by the Secretary or affected employees following **November 22, 2015** shall be deemed to have been filed **727 days** prior to the actual filing date.

4. In exchange for the Employer' agreement to toll the running of the applicable statutes of limitations as set forth above, the Secretary agrees not to institute any legal proceedings for back wages and/or liquidated damages against the Employer during the tolling period, as a result of findings made in this investigation, without first giving the Employer 30 days written notice of the Secretary's intent to institute such proceedings.

5. The Employer agrees that this Tolling Agreement ("Agreement") (or any copy thereof) may be introduced into evidence as proof of the waiver and tolling agreed to herein, in all legal proceedings that may be brought pursuant to Sections 15, 16(b), 16(c), 16(e) and/or 17 of the Act.

6.  The undersigned representatives of the Secretary and of the Employer certify that they are authorized to enter into the terms and conditions of this Agreement, and to bind the party whom they represent in this Agreement.

7.  This Agreement does not constitute any admission of liability on the part of the Employer, nor does it constitute any waiver of other defenses that may be available to the Employer, other than statute of limitations defenses specifically addressed in this Agreement.

8.  Nothing in this Agreement shall preclude the Secretary from asserting any claim or filing any documents in any bankruptcy case relating to the Employer, or from taking such legal action relating to the Employer or any other party as she deems appropriate, except to the extent that she agrees to refrain from instituting legal proceedings for back wages and/or liquidated damages against the Employer as a result of findings made in this investigation, in accordance with paragraph 4 above.

9.  This document contains the entire agreement between the Secretary and the Employer, and this Agreement may not be modified, altered, or extended except in writing signed by the parties.

10. This Agreement shall be effective when it has been signed by both parties.

Dated: _2/22/2016_

For the Firm:

_____

Name:  Joel Velazquez Cruz

Title:  President
        E.Q.G. Protection Agency
        & Order Corporation

Dated: _2/24/2016_

For the Secretary:

_____

Name:  José R. Vazquez

Title:   District Director
         Caribbean District Office
         US Department of Labor
         Wage and Hour Division